Jacob Markowitz, J.
This is an application for a preliminary injunction in an action seeking a declaration that Local Law No. 7 of 1972 of the City of New York is unconstitutional.
On August 1, 1970, Local Law No. 30 went into effect, and provided prospectively for the establishment of a new system of maximum base rents as of January 1, 1972. In conjunction therewith, Local Law No. 31 was enacted to exempt eligible senior citizens from Local Law No. 30’s rent increases. The law currently under attack (Local Law No. 7 of 1972) continues until June 30,1972 the exemptions provided for the elderly poor contained in Local Law No. 31. Should State funding of the exemptions ever go into effect, the exemptions will continue so long as State funding exists.
Eligibility for rent exemptions under Local Law No. 7 depends on the applicant’s status as head of a household, his age (62 or over), his total household income ($4,500 or less) and the ratio of his rent to income (not more than one third).
In May of 1971, the State Legislature passed a Vacancy Decontrol Law (ch. 371) which provided for decontrol of rent controlled apartments vacated after July 1, 1972. A companion statute (ch. 372) restricted New York City’s powers to control *605 rents on accommodations so decontrolled, or to place more stringent or restrictive controls on presently controlled apartments.
Plaintiff contends that Local Law No. 7 contravenes the legislative injunction against more restrictive legislation since it extended Local Law No. 30 exemptions for a further period of time, and increased the area of exemptions to include rent increases under the maximum base rent policy.
The current revision of State and local rent control systems affects 65,000 buildings, of which only 19,000 contain tenants eligible for the senior citizen’s exemption. Furthermore, the estimates of the City Rent Agency indicate that the average exemption under Local Law No. 7 would be about $5.85 a month.
Insofar as the subject building is concerned, only one of 67 tenants has received a rent increase exemption, the value of which is about $12 a month.
"Under the new maximum base rent program, rent increases are not collectible until a tenant has received proper orders on a computerized ‘ ‘ print out ’ ’ sheet. To date, orders covering 200,000 rental units (approximately 20% of the total affected) have been mailed. An undetermined number of rent exemptions have been included in the mailings.
If the preliminary relief sought herein is granted, all mailing will have to cease, complex changes in the computer programming would have to be made, and new orders would have to be prepared and mailed. The attendant harm to the maximum base rent program would be incalculable, and detrimental to the public welfare. Moreover, a premature granting of an injunction would cause the affected disadvantaged persons to pay higher sums before an effective determination is made of the validity of the local law.
The constitutionality of Local Law No. 30 has been established. (Parrino v. Lindsay, 29 N Y 2d 30.) There is little doubt but that standing alone Local Law No. 7 would be similarly upheld. The only arguable point at bar is whether the recent State legislative enactments have barred the city from maintaining the rent level for the eligible elderly pending retroactive State funding of the exemptions granted.
The equities in this case weigh heavily in favor of the defendant.
As indicated above, State law enjoins passage of local laws subjecting controlled housing accommodations to “ more stringent or restrictive provisions of regulation and control than those presently in effect.” The net effect of Local Law No. 7 is not to raise the umbrella of protection to a new class of *606 people, but maintain it for those who were eligible for exemption under Local Law No. 30, but for some reason failed to take the technical steps necessary to avail themselves of it. It is a time extender, not a rent reducer. It changes no rent control law presently in effect — and does in no way clash with State legislative proscription.
There appears to be no question as to the constitutionality or legality of the law under attack. This is an additional basis for the denial of the motion for a preliminary injunction.
Motion denied.
(March 15, 1972)
At the request of counsel for both parties, as per letters attached*, the court will deem that a motion for summary judgment had also been made and argued by the parties (see Jones v. Vassar Coll., 59 Misc 2d 296; Challenger v. Household Fin. Corp., 179 Misc. 966, affd. 266 App. Div. 844; Leonard v. John Hancock Mut. Life Ins. Co., 118 N. Y. S. 2d 170, affd. 281 App. Div. 859). The complaint is dismissed.

 Not published.