■ **903 Park Avenue Corp., Appellant, v. City Rent Agency, Respondent.**— Order and judgment (one paper), Supreme Court, New York County, entered on March 17, 1972, denying motion for preliminary injunction, and declaring Local Law No. 7 of the Local Laws of the City of New York of 1972 not violative of any State legislative proscription, affirmed, without costs and without disbursements. Local Law 7, so-called, extends the life of certain rent exemptions, designedly in favor of senior citizens, until June 30, 1972, expiring then "unless some provision is made by the State of New York with respect to state funding of the exemptions granted, retroactive to January 1, 1972, and shall continue so long as the state funding of the exemption continues." It, in effect, amended Local Law 31 of 1970, also providing for the elderly in respect of rents, and which has been upheld by the Court of Appeals in *Parrino* v. *Lindsay* (29 N Y 2d 30). In enacting this law (Local 7), the city council, with some prescience, and with an awareness of a previously enacted law of the State Legislature, to wit, chapter 372 of the Laws of 1971, said: "The Council is aware of the provisions set forth in chapter 372 and chapter 1012 of the laws of 1971. It is our considered opinion that this legislation extending the rent exemption to cover the resultant rent increases due to the maximum rents established January 1, 1972, is not more stringent or restrictive than those presently in effect. It is, therefore, found and declared to be necessary for the health, welfare and safety of such persons and of inhabitants of the city that the city [establish] continue a system of special rent adjustments for such persons as hereinafter provided in this local law." In our judgment, Local Law 7 of 1972 is not "more stringent" nor "more restrictive" in its provisions affecting the accommodations of eligible elderly than those already in effect at the time of adoption of chapter 372 of 1971. A comparison of the provisions of Local Law 7 of 1972 with the provisions of Local Law 31 of 1970, effective as of June 1, 1971, when chapter 372 of 1971 was enacted, manifests that the provisions are not antithetical. If the elderly exemption was valid with an expiration date of December 1, 1971, an extension of the expiration date to June 30, 1972, does not invalidate it, as in the language of Chief Judge Fuld in the *Parrino* case, the exemption would still be of "limited duration". In upholding the legislation, as did Special Term, and in not finding irreparable harm, justifying an injunction, we are not unmindful our disposition may or may not become academic, depending on whether or not the current Legislature enacts further implementation. But, considering the obvious social aspects of the legislation and the worsening crisis in rentals, particularly in Manhattan, and the maxim that every presumption in favor of subject legislation should be reached for, we affirm, with the caveat there is as yet no occasion to reach the question as to the consequences of any attempt to extend the legislation for a period beyond June, 1972, or indefinitely. Concur — Stevens, P. J., McGivern and Tilzer, JJ.; McNally and Steuer, JJ., dissent in the following memorandum by Steuer, J.: Plaintiff, owner of a multiple dwelling, appeals from Special Term's dismissal of its complaint seeking a declaration that Local Law 7 of 1972 be declared unconstitutional and seeking a preliminary injunction against its enforcement by respondent. It is not disputed that the power to regulate rents lies exclusively with the State Legislature. In 1962 (L. 1962, ch. 21) the Legislature delegated that power to respondent as regards rents in the City of New York. After nine years the Legislature, fearful of the conditions resulting from the restrictions adopted pursuant to this grant of power, enacted chapter 372 of the Laws of 1971, limiting that power by providing that no housing accommodation shall be "subjected to

more stringent or restrictive provisions of regulation than those presently in effect." The effective date of this legislation is June, 1971. This legislation was expanded by chapter 1012 of the Laws of 1971 to include within the proscription any rule or regulation not previously approved by the State Commissioner. The question is whether Local Law 7, enacted January, 1972 and hence subject to the restriction of chapter 372, is more stringent or restrictive than provisions then in effect. If it is, then the city council was powerless to enact it — at least as to such provisions as would come within the ban. It should be pointed out that no question of police power or other grounds for legislative authority are involved. The council was aware of the restrictions on its powers, and the law contains a statement that it is the council's opinion that the law does not offend in that respect. The statement may well exempt the council from any accusation that it acted arbitrarily, but it is otherwise of no import. Local Law 7 amends in certain respects Local Law 31 of 1970, the so-called Senior Citizen Exemption Law. That law grants exemption to persons who qualify under its terms from rent increases due to adjustments provided for in Local Law 30 of 1970. The question is therefore narrowed to whether Local Law 7 is more restrictive or stringent than Local Law 31. It appears to be in two respects. 1. Local Law 31 contained no expiration date. However, respondent by regulation fixed an expiration date of December 31, 1971. Local Law 7 has an expiration date of June 30, 1972. It therefore extends the period of exemption for six months, and during those months property owners would not be able to obtain increases that they would have been able to obtain had Local Law 7 not been enacted. No amount of semantic circumlocution can obviate this self-evident proposition; and if it is not more restrictive, nothing would prevent similar extensions in perpetuity. After all, rent regulation itself was sustained on the theory of emergency and has continued for practically three decades. It is further contended by respondent that the expiration date is contingent upon the State providing some method of funding of the rents landlords would be deprived of due to the inability to enforce increases against this category of tenants. Of course, should the State so provide, plaintiff and others would not be prejudiced. But unless and until it does, they are. And nothing, as indicated, would prevent the period during which such State action should be awaited from being extended indefinitely. 2. Local Law 30 did not grant senior citizens exemption from a rent increase obtained under the maximum base rent provision of Local Law 31. Under respondent's regulation 26, interpreting Local Law 7, such increases are also exempt, as are those allowed by Local Law 30. So to that extent also Local Law 7 is more restrictive than the governing laws on the date that chapter 372 went into effect. For these reasons we believe Special Term should not have dismissed the complaint and should have enjoined enforcement of Local Law 7. [69 Misc 2d 604.]